IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MATTATHIAS SCHWARTZ,<br>11 Saint Marks Ave., Apt. 4R<br>Brooklyn, NY 11217,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DRUG ENFORCEMENT<br>ADMINISTRATION,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff Mattathias Schwartz, by his undersigned attorney, alleges for his Complaint:

1.   This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking to compel the production of agency records sought by two FOIA requests properly made by Plaintiff that Defendant improperly refuses to disclose.

2.   Specifically, Plaintiff seeks to compel Defendant to release six DVD diskettes that contain video recordings of a 2010 raid that the Jamaican government conducted in the West Kingston, Jamaica neighborhood of Tivoli Gardens in response to an extradition request from the U.S. government.

**JURISDICTION AND VENUE**

3.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). Mr. Schwartz has exhausted all administrative remedies in respect to his FOIA requests.

4.   Venue is premised on the place of residence of Plaintiff and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

5. Plaintiff Mattathias Schwartz is a freelance reporter whose work has been published in, *inter alia*, *The New Yorker* magazine, *The New York Times Magazine, Harper's Magazine* and *Wired* magazine. He has reported extensively on the 2010 Jamaican government-led raid, the aerial surveillance videos of which he now seeks to compel Defendant to disclose. *See* Mattathias Schwartz, *A Massacre in Jamaica*, THE NEW YORKER, Dec. 12, 2011, http://www.newyorker.com/reporting/2011/12/12/111212fa_fact_schwartz. Mr. Schwartz resides at 11 Saint Marks Ave., Apt. 4R, Brooklyn, NY 11217.

6. Defendant U.S. Drug Enforcement Administration (the "DEA") is a federal law enforcement agency within the U.S. Department of Justice (the "DOJ"). Defendant is the lead agency for domestic enforcement of federal drug laws and for coordinating and pursuing U.S. drug investigations abroad. On information and belief, the DEA has possession and control of the records sought in this action. The DEA is headquartered at 8701 Morrissette Drive, Springfield, VA 22152.

## FACTS

### The Tivoli Gardens Raid

7. On information and belief, on August 28, 2009, the U.S. Attorney's Office for the Southern District of New York unsealed an indictment against Christopher "Dudus" Coke, charging Mr. Coke with conspiracy to distribute marijuana and cocaine and conspiracy to illegally traffic in firearms.

8. On information and belief, in August 2009, Mr. Coke resided in Kingston, Jamaica.

9. On information and belief, on or about August 28, 2009, the U.S. government formally requested through diplomatic channels that Jamaican authorities arrest Mr. Coke and extradite him to the Southern District of New York on these charges.

10. On information and belief, in May 2010, Jamaican Prime Minister Bruce Golding authorized Mr. Coke's arrest.

11. On information and belief, on May 24, 2010, members of the Jamaica Defence Force and the Jamaica Constabulary Force entered Tivoli Gardens for the purpose of arresting Mr. Coke.

12. On information and belief, the operation to arrest Mr. Coke resulted in the deaths of at least seventy-three civilians, at least one of whom was a U.S. citizen.

13. On information and belief, a P-3 Orion aircraft with U.S. Department of Homeland Security markings flew over Tivoli Gardens during the arrest of Mr. Coke and surveilled the area throughout this operation.

14. On October 14, 2011, the U.S. State Department issued a statement to Plaintiff Mattathias Schwartz officially acknowledging that this P-3 Orion aircraft assisted the Jamaican government during the Tivoli Gardens operation. A true and correct copy of the State Department's statement to Mr. Schwartz is attached hereto as Exhibit A.

The Prosecution of Mr. Coke

15. On information and belief, in June 2010, Mr. Coke was extradited from Jamaica to the United States.

16. On August 30, 2011, Preet Bharara, U.S. Attorney for the Southern District of New York, sent a letter to Stephen H. Rosen and Frank A. Doddato, attorneys for Mr. Coke, accepting a guilty plea from Mr. Coke to racketeering conspiracy and conspiracy to commit

assault with a dangerous weapon in aid of racketeering. Mr. Coke and his attorneys agreed and consented to the letter that same day. A true and correct copy of Mr. Coke's guilty plea agreement is attached hereto as Exhibit B.

17. On information and belief, on June 8, 2012, Mr. Coke was sentenced to 23 years in prison.

18. On information and belief, Mr. Coke's attorney Mr. Rosen has stated that Mr. Coke will not appeal the sentence.

Plaintiff's FOIA Requests

19. On July 25, 2011, Mr. Schwartz submitted a FOIA request ("Request No. 1") with U.S. Customs and Border Protection (the "CBP") for a copy of any video recordings made by the P-3 Orion aircraft of the Tivoli Gardens raid on May 24, 2010. A true and correct copy of Request No. 1 is attached hereto as Exhibit C.

20. On September 26, 2011, the CBP's FOIA Division responded to Mr. Schwartz that it had located a video responsive to the request, but that this video in its entirety was exempt from disclosure pursuant to FOIA Exemptions 6, 7(C), 7(D), 7(E), and 7(F). A true and correct copy of the CBP's denial of Request No. 1 is attached hereto as Exhibit D.

21. With that response, the CBP's FOIA Division attached a three-page Significant Incident Report containing a partially redacted synopsis of the P-3 Orion aircraft's activities during the Tivoli Gardens raid. The synopsis revealed that the aircraft had been deployed at the request of the DEA. A true and correct copy of the CBP's Significant Incident Report is attached hereto as Exhibit E.

22. On November 10, 2011, Mr. Schwartz wrote to the CBP's FOIA Appeals division, appealing this decision (the "CBP Appeal"). A true and correct copy of the CBP Appeal is attached hereto as Exhibit F.

23. On February 8, 2012, the CBP's FOIA Appeals division responded to Mr. Schwartz's appeal, stating that the videos were created at the request of and in support of the DEA, such that ownership of the videos was transferred to the DEA after filming was completed. A true and correct copy of the CBP's response to the CBP Appeal is attached hereto as Exhibit G.

24. In its response to Mr. Schwartz, the CBP's FOIA Appeals division further stated that it had referred Request No. 1 and the CBP Appeal to the DEA.

25. On May 30, 2012, Mr. Schwartz filed a FOIA request ("Request No. 2") directly with the DEA, seeking a copy of any video recordings made by the P-3 Orion aircraft of the Tivoli Gardens raid on May 24, 2010. A true and correct copy of Request No. 2 is attached hereto as Exhibit H.

26. On June 4, 2012, the DEA responded to Request No. 1 (forwarded from the CBP), stating that it was in possession of six DVD diskettes responsive to the request, but denying the request based on FOIA Exemptions 7(A), 7(C), 7(D), 7(E), and 7(F), as well Privacy Act Exemption (j)(2). A true and correct copy of the DEA's denial of Request No. 1 is attached hereto as Exhibit I.

27. On June 21, 2012, the DEA responded to Request No. 2, denying the request based on FOIA Exemptions 7(A), 7(C), 7(D), 7(E), and 7(F), as well as Privacy Act Exemption (j)(2). A true and correct copy of the DEA's denial of Request No. 2 is attached hereto as Exhibit J.

28.     On July 26, 2012, Mr. Schwartz wrote to the DOJ's Office of Information Policy to appeal the DEA's denial of Request No. 1 ("DEA Appeal No. 1").  A true and correct copy of DEA Appeal No. 1 is attached hereto as Exhibit K.

29.     On July 26, 2012, Mr. Schwartz wrote to the DOJ's Office of Information Policy, appealing the DEA's denial of Request No. 2 ("DEA Appeal No. 2").  A true and correct copy of DEA Appeal No. 2 is attached hereto as Exhibit L.

30.     On August 8, 2012, the DOJ's Office of Information Policy wrote to Mr. Schwartz to confirm its receipt of DEA Appeal No. 1.  A true and correct copy of the DEA's confirmation of Appeal No. 1's receipt is attached hereto as Exhibit M.

31.     On information and belief, as of December 19, 2012, the DOJ's Office of Information Policy has not made any determinations on either DEA Appeal No. 1 or DEA Appeal No. 2.

## CAUSE OF ACTION

### Failure to Disclose

32.     Mr. Schwartz repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

33.     The DEA is an agency subject to FOIA, 5 U.S.C. § 552(f), and must therefore disclose in response to a FOIA request any non-exempt records in its possession and provide a lawful reason for withholding any materials as to which it is claiming an exemption.  The DEA has failed to disclose the requested records, and has likewise failed to provide a lawful reason for withholding the requested materials.

34. Exemption 7(A) of FOIA, 5 U.S.C. § 552(b)(7)(A), applies only to records compiled for law enforcement purposes that, if disclosed, "could reasonably be expected to interfere with enforcement proceedings."

35. Exemption 7(C) of FOIA, 5 U.S.C. § 552(b)(7)(C), applies only to records compiled for law enforcement purposes that, if disclosed, "could reasonably be expected to constitute an unwarranted invasion of personal privacy."

36. Exemption 7(D) of FOIA, 5 U.S.C. § 552(b)(7)(D), applies only to records compiled for law enforcement purposes that, if disclosed, "could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source."

37. Exemption 7(E) of FOIA, 5 U.S.C. § 552(b)(7)(E), applies only to records compiled for law enforcement purposes that, if disclosed, "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."

38. Exemption 7(F) of FOIA, 5 U.S.C. § 552(b)(7)(F), applies only to records compiled for law enforcement purposes that, if disclosed, "could reasonably be expected to endanger the life or physical safety of any individual."

39. Exemption (j)(2) of the Privacy Act, 5 U.S.C. § 552a(j)(2), applies only to requests made by individuals for information pertaining to themselves. Furthermore, Exemption

(j)(2) applies only to law enforcement records that "consists of (A) information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; (B) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or (C) reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision."

40. The DEA has no lawful basis under FOIA Exemptions 7(A), 7(C), 7(D), 7(E), or 7(F), Privacy Act Exemption (j)(2) or any other exemption for failing to provide the six DVD diskettes containing video recordings of the Tivoli Gardens raid on May 24, 2010.

41. The DEA's failure to disclose the diskettes violates FOIA.

42. Mr. Schwartz is entitled to an order compelling the DEA to produce the diskettes.

## REQUESTED RELIEF

WHEREFORE, Mr. Schwartz respectfully requests that this Court:

a. Declare that the six DVD diskettes requested from the DEA in Plaintiff's Requests Nos. 1 and 2, as described in the foregoing paragraphs, are non-exempt records under 5 U.S.C. § 552 and must be disclosed;

b. Order the DEA to provide a copy of each diskette to Mr. Schwartz within 20 business days of the Court's order;

c. Award Mr. Schwartz the costs of this proceeding, including reasonable attorney's fees, as permitted under 5 U.S.C. § (a)(4)(E)(i); and

   d.  Grant Mr. Schwartz such other and further relief as this Court deems just and proper.

Dated: December 19, 2012

                   Respectfully Submitted,

                   /s/ Lynn Oberlander
                   Lynn Oberlander (LO-3837)
                   THE NEW YORKER[1]
                   4 Times Square
                   New York, NY 10036
                   (212) 286-5857 (office)
                   (212) 286-5025 (fax)
                   lynn_oberlander@newyorker.com

                   *Attorney for Plaintiff*

---

[1] This complaint was prepared in large part by James Shih, Maxwell Mishkin, and Christina Koningisor, law students in Yale Law School's Media Freedom and Information Access Clinic.